UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IRA MERCER,

Plaintiff,

-against-

DETECTIVE CHRISTOPHER SALLY, et al.,

Defendants.

24-CV-2803 (JGLC) (OTW)

**ORDER ADOPTING REPORT & RECOMMENDATION**

JESSICA G. L. CLARKE, United States District Judge:

Plaintiff Ira Mercer brings this case pro se against Defendants Detective Christopher Sally, Bronx County District Attorney Darcel Clark, and Police Officer Sutton, alleging false arrest and negligence. This case is referred to Magistrate Judge Ona T. Wang for general pretrial and Report and Recommendations for dispositive motions. ECF No. 12.

On November 27, 2024, Defendants filed a Motion to Dismiss Plaintiff Ira Mercer's Complaint for failure to state a claim. ECF No. 40. The parties then underwent an unsuccessful mediation. ECF No. 53. Thereafter, on May 15, 2026, Judge Wang issued a Report and Recommendation that described the relevant facts and procedural history of the case, and recommended that the undersigned grant Defendants' motion to dismiss without leave to amend. *See* ECF No. 76 ("Report and Recommendation" or "R&R"). The Report and Recommendation was mailed to Plaintiff on May 19, 2026.

In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. *See* R&R at 12–13. In addition, the Report and Recommendation expressly called Plaintiff's attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). *Id.* at 12.

Although Plaintiff's untimely objection to the Report and Recommendation is dated and was served on June 4, 2026, the Court considers Plaintiff's objection as if it were timely in light of his pro se status. ECF No. 78 ("Obj."); ECF No. 79.

**LEGAL STANDARD**

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g., Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This "clearly erroneous" standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g., Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

**DISCUSSION**

Plaintiff asserts several objections to the R&R; none have merit. First, Plaintiff's objection reasserts facts already alleged in his Complaint, ECF No. 1 ("Compl."), and his opposition to Defendants' Motion to Dismiss, ECF No. 42 ("Opp."). Specifically, Plaintiff states in both his Complaint and his objection that on the day at issue, April 28, 2023, a transit police officer stopped Plaintiff for an alleged failure to pay his train fare. *See* Compl. at 8; Obj. at 1. In his objection, Plaintiff clarifies that the transit officer was not Defendant Officer Sutton, and states that Officer Sutton "did not observe the [P]laintiff doing anything," "was not on the scene," and was not "the arresting officer." Obj. at 1. Plaintiff's clarification actually bolsters

Judge Wang's recommendation of dismissal of Officer Sutton, R&R at 6, as Plaintiff has failed to allege Officer Sutton's personal involvement in any of the underlying events of this case and has failed to establish a basis for liability against Officer Sutton. *See* Compl.; Opp.; Obj.

Second, Plaintiff argues in his objection that following his arrest, he was detained "at the 47th precinct holding jail" for forty-five hours, "without going before a judge." Obj. at 1 (stating twice that Plaintiff was detained for "(45) hours"). Previously, in his opposition to the motion to dismiss, Plaintiff stated that he was detained "for 54 hours in the 47th precinct jail." Opp. at 6.

Plaintiff never expressly asserted a claim based on this allegedly excessive detention. *See generally* Compl. Nevertheless, even if he had, any claims arising from this detention would fail as a matter of law under Supreme Court and Second Circuit precedent.

In *Baker v. McCollan*, the Supreme Court considered a plaintiff's false imprisonment claim after he was arrested and incarcerated pursuant to a valid warrant that was actually intended for his brother. 443 U.S. 137, 141–43 (1979). Although the Court acknowledged that an indefinite detainment "in the face of repeated protests of innocence" could implicate the plaintiff's rights to a speedy trial and due process, the Court determined that this particular "depriv[ation] of [the plaintiff's] liberty for a period of days" did not give rise to a constitutional violation. *Id.* at 144–45. The Court explained that it was "quite certain that a detention of three days over a New Year's weekend does not and could not amount to such a deprivation." *Id.* at 145.

More recently, the Second Circuit held that a plaintiff was protected "from a sustained detention stemming directly from the law enforcement officials' refusal to investigate available exculpatory evidence." *Russo v. City of Bridgeport*, 479 F.3d 196, 208 (2d Cir. 2007). In *Russo*, the Second Circuit vacated summary judgment for a defendant municipality when a plaintiff was

incarcerated for 217 days and law enforcement's "mishandling or suppression of exculpatory evidence . . . shock[ed] the conscience." *Id.* at 209–12 (internal citation and quotation marks omitted). In doing this, the Second Circuit emphasized that its conclusion was based, among other things, on "the length of time of [the plaintiff's] wrongful incarceration" and "the alleged intentionality of [the defendant law enforcement officers'] behavior." *Id.* at 209.

Here, Plaintiff has alleged no facts that Defendants Detective Sally, Officer Sutton, or District Attorney Clark mishandled or suppressed exculpatory evidence or intended to wrongfully detain Plaintiff. Certainly, Plaintiff has alleged no conduct that meets the high standard of shocking the conscience. Finally, and most importantly, the length of Plaintiff's detention—whether forty-five or fifty-four hours—is less than the three-day period contemplated in *Baker*, which the Supreme Court determined "does not and could not amount to a [constitutional] deprivation." *Baker*, 443 U.S. at 145. Therefore, any claim based on an allegedly excessive detention would fail on its merits.

Third, Plaintiff was arrested pursuant to a probable cause determination based on his failure to pay his train fare and the facially valid warrant, negating any false arrest claim. *See* Compl. at 8; *Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004) ("Because probable cause to arrest constitutes justification, there can be no claim for false arrest where the arresting officer had probable cause to arrest the plaintiff."); *see also* R&R at 4–7.

In his objection, Plaintiff contends that "Defendants have not disclosed any supportive evidence of an active arrest warrant." Obj. at 1. This argument and Plaintiff's false arrest claim fail for the reasons set forth by Judge Wang. *See* R&R at 4–8. Indeed, even without the active arrest warrant, the arresting officer "had probable cause to arrest [Plaintiff] the moment [the officer] observed [Plaintiff] jumping the turnstile." *Al -Anesi v. City of New York*, No. 18-CV-

8439 (LAK) (GWG), 2022 WL 1948879, at *5 (S.D.N.Y. June 6, 2022) (collecting New York state cases establishing that officers had probable cause to make a lawful arrest for failure to pay the fare for public transit); *see* R&R at 6 n.4.

Additionally, Plaintiff does not dispute that the arresting officer and Detective Sally saw a pre-existing facially valid, active arrest warrant in their government database. *See* Compl. at 9 (alleging that the Office of the Bronx County District Attorney and District Attorney Clark failed to update the database); Opp. at 3 ("While the transit policeman ran the Plaintiff['s] name through the database, the officer found an active arrest warrant."). Therefore, Detective Sally and other officers are not liable for false arrest "because a facially valid arrest warrant creates a presumption of actual probable cause." R&R at 7.

Lastly, Plaintiff has not objected to Judge Wang's recommended dismissal of his only other remaining claim[1] for negligence against the Office of the District Attorney of Bronx County and District Attorney Clark. *See* R&R at 9–11; Obj. Therefore, unguided by objection and finding the Report and Recommendation to be well-reasoned and ground in fact and law, the Court determines that dismissal of Plaintiff's negligence claim is also warranted. The Court also agrees that leave to amend should be denied as futile. R&R at 11–12.

Accordingly, the Report and Recommendation is ADOPTED in its entirety.

## CONCLUSION

The Court ADOPTS Judge Wang's Report and Recommendation in its entirety. Accordingly, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's Complaint. Plaintiff's Complaint is dismissed in its entirety with prejudice.

---

[1] Plaintiff voluntarily dismissed his conspiracy claim against Defendants Bronx County Family Court and Susan Schieifer Levy. ECF No. 37.

The Clerk of Court is directed to terminate ECF No. 40 and to close this case. The Clerk of Court is also directed to mail a copy of this Order to Plaintiff.

Dated: September 2, 2026
White Plains, New York

SO ORDERED.

Jessica Clarke

JESSICA G. L. CLARKE
United States District Judge